UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:23-cv-00033-MR

| | |
|---|---|
| JAMES BERNETTE JONES, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NORTH CAROLINA DEPARTMENT )<br>OF PUBLIC SAFETY, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1] filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 10].

**I.   BACKGROUND**

Pro se Plaintiff James Bernette Jones ("Plaintiff") filed this action on March 9, 2023, pursuant to 42 U.S.C. § 1983, against Defendants North Carolina Department of Public Safety (NCDPS) and FNU Davis, FNU Lili, and FNU Parison, all identified as "close custody" officers at Alexander Correctional Institution ("Alexander CI") and sued in their individual and official capacities. [Doc. 1]. Plaintiff does not assert violation of any particular constitutional right. Rather, he purports to state claims for "breach of duty for safety" and gross negligence. [Id. at 4]. Plaintiff alleges that Defendant

Davis caused injury to Plaintiff's arm when a security sliding door was activated and crushed Plaintiff's right arm and elbow. Plaintiff alleges that Defendants Lili and Parison witnessed the event. [Id. at 2-4]. Plaintiff alleges that he filed an action involving these facts with the North Carolina Industrial Commission (NCIC) on or before March 1, 2018, seeking compensation for Defendant Davis' "failure to follow policy and procedure to prevent foreseeable physical injury of controll [*sic*] security door, before closing." [Id. at 7]. Plaintiff alleges that he appealed the NCIC's presumably adverse decision to the North Carolina Court of Appeals, which "denied [the] writ" on July 14, 2022. [See id. at 6]. Plaintiff seeks monetary relief only.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff here claims that, sometime before March 2018, Defendant Davis activated a security door, which "slammed and crush[ed]" Plaintiff's right arm and elbow and that Defendants Lili and Parison witnessed the incident. Plaintiff's Complaint fails for several reasons.

At best, Plaintiff's allegations suggest the possibility of negligence by Defendant Davis. Moreover, simply witnessing such an event implicates no

3

Case 5:23-cv-00033-MR   Document 11   Filed 05/01/23   Page 3 of 5

cause of action whatsoever. As for Defendant NCDPS, "neither a state nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Therefore, NCDPS is not a "person" under § 1983. See Fox v. Harwood, 2009 WL 1117890, at *1 (W.D.N.C. April 24, 2009). Plaintiff, therefore, has woefully failed to state a claim for a constitutional violation redressable under 42 U.S.C. § 1983 against any Defendant.

Furthermore, pursuant to the North Carolina Tort Claims Act, N.C.G.S. § 143-291, et seq., the NCIC has exclusive jurisdiction to hear tort claims falling under the Act. Russell v. N.C. Dep't of Environment and Natural Resources, 242 S.E.2d 329, 333 (N.C. App. 2013). This Court, therefore, has no authority to entertain Plaintiff's Complaint. Finally, Plaintiff's Complaint is necessarily barred by the applicable statute of limitations in any event. Plaintiff alleges that he was injured in or before 2018. Any claim Plaintiff may have had has long expired.

Because Plaintiff has failed to state a claim for relief and because amendment would be futile, the Court will dismiss Plaintiff's Complaint with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Plaintiff's Complaint with prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint [Doc. 1] is hereby **DISMISSED with prejudice** for Plaintiff's failure to state a claim for relief.

The Clerk is respectfully instructed to add the North Carolina Department of Public Safety as a Defendant in this matter and to terminate this action.

**IT IS SO ORDERED**.

Signed: May 1, 2023

Martin Reidinger
Chief United States District Judge